SPERO T. LAPPAS, Esquire
Serratelli, Schiffman, Brown and Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, Pennsylvania 17110
(717) 540-9170
ATTORNEY FOR THE PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *WALTER ANDRE SHARPE,* | : | |
| *Plaintiff* | : | |
| *v.* | : | *NO.* |
| | : | |
| *COUNTY OF DAUPHIN,* | : | |
| | : | |
| *DAUPHIN COUNTY* | : | *(JUDGE            )* |
| *DOMESTIC RELATIONS OFFICE,* | : | |
| | : | |
| *JOSEPH BARBUSH, Individually and* | : | *JURY TRIAL DEMANDED* |
| *as an employee of Dauphin County,* | : | |
| | : | |
| *COUNTY OF MONTGOMERY,* | : | |
| | : | **COMPLAINT** |
| *MONTGOMERY COUNTY* | : | |
| *DOMESTIC RELATIONS OFFICE* | : | |
| | : | |
| *DIANE DEANTONIA, Individually* | : | |
| *and as an employee of Montgomery* | : | |
| *County,* | : | |
| | : | |
| *DOROTHY MASSELI, Individually* | : | |
| *and as an employee of Montgomery* | : | |
| *County,* | : | |
| | : | |
| *JOHN DOES 1 THOUGH 10,* | : | |
| *Defendants* | : | |

# COMPLAINT

## *PARTIES AND PRELIMINARY AVERMENTS*

1.      The Plaintiff is an adult individual residing in the Commonwealth of Pennsylvania.

2.      Defendant Dauphin County, Defendant Montgomery County, Defendant Dauphin County Domestic Relations Office and Defendant Montgomery County Domestic Relations Service are municipal and county entities existing and organized pursuant to the laws of the United States and the Commonwealth of Pennsylvania.

3.      The remaining Defendants are individuals employed by Dauphin County or Montgomery County as appears in the caption of this case.

4.      All of the Defendants' actions described within this Complaint either infra or supra, were taken under color of state law and violated federal and constitutional law, as described below.

5.      All of the Defendants' actions' described within this Complaint either infra or supra, were intentional, malicious and taken in bad faith; in the alternative, those actions were reckless; in the alternative, those actions were negligent.  None of those actions were privileged, or in the alternative, any privilege which would

Sharpe v. Dauphin County, et al.
Spero T Lappas, Esquire
Complaint
Page 2

have otherwise attached was lost through abuse of a conditionally privileged occasion.

6.      All harms, damages, and injuries suffered by the Plaintiffs were the direct, legal and proximate results of the acts of Defendants as described in this Complaint.

7.      Plaintiff's claims against all Defendants are brought in the various Counts pursuant to: 42 USC § 1983, the Fourteenth Amendment to the United States Constitution, and additional statutory and constitutional provisions.

8.      Jurisdiction is founded upon 28 USC § 1331 and 1341 and the aforementioned statutory and constitutional provisions.

9.      All of the defendants' actions as described in this Complaint resulted, in addition to the other damages and losses described in this Complaint, in the loss to the Plaintiff of his rights to liberty, property and privacy and the in violation of federal laws and the United States Constitution.

10.     Additionally, the Defendants' actions constituted the excessive use of police and public power in violation of federal laws and the United States Constitution.

## *FACTS*

11.     At various times in the past, the Plaintiff  Walter Andre Sharpe was a Defendant in certain proceedings pursuant to the domestic relations and child support laws of the Commonwealth of Pennsylvania.

12.     At all times, Mr. Sharpe was compliant with his obligations pursuant to orders of court issued in the domestic relation cases. To the extent he was ever non-compliant he had a lawful excuse, reason, or defense for his non-compliance.

13.     During the course of the prosecution of these domestic relations cases, some or all of the Defendants changed, altered, modified and tampered with the official records of Dauphin County and the official records of Montgomery County, as well as perhaps the official records of other counties or the Commonwealth of Pennsylvania to create the false appearance that Walter Andre Sharpe was the defendant or obligor with respect to a different and separate domestic relation complaint – a complaint for which this Plaintiff had no liability or responsibility, and with which he was in no way factually connected.

14.     Further, the Defendants' conduct caused the false and wrongly appearance that the Plaintiff was not compliant with support orders against him and that he was guilty of civil and criminal violations including *inter alia* indirect

and criminal contempt of court.

15. The acts of the Defendants as described in this Complaint caused Walter Andre Sharpe to be repeatedly arrested, prosecuted for criminal acts, incarcerated, imprisoned, fined, and subject to other legal, financial and personal consequences.

16. Furthermore, the action of the Defendants created the false impression that Walter Andre Sharpe was in fact the father and support obligor against whom the Plaintiff in those support proceedings had an alleged right of action for child support.

17. In or about 2001, the Plaintiff became the Defendant in certain domestic relations actions filed in Dauphin County.

18. The Plaintiff was not, and never was, the proper Defendant in those domestic relations actions. He is not the father of the child for whom domestic relations child support was owed or collected.

19. Nonetheless, the Dauphin County Domestic Relations Office and its employees, including any John Does named in this Complaint, caused him to be prosecuted for the false child support allegation.

20. When Walter Andre Sharpe attempted to prove that he was not the

proper Defendant in these cases by, *inter alia*, requesting DNA analysis or other suitable investigations be performed, the county and all individual Defendants frustrated and impeded his right and ability to have a proper examination and investigation conducted.

21.     Through the acts complained of in this Complaint, the Defendants intentionally created the false impression that this Plaintiff, Walter Andre Sharpe, was another individual whom the Defendants alleged to be lawfully obligated for the payment of child support and or other domestic relations obligations.

22.     In early 2009 the Plaintiff, through counsel, obtained from agents of Dauphin County documents (attached to this Complaint as Exhibit 2) which purport to indicate that at some point in the past, purportedly in 1999, the Plaintiff's personal identifying information was altered, modified, tampered with and changed in various official records to make it falsely appear that he was in fact another person and that he was in fact the father of the child for whom support was sought.

22A.  The date of this Montgomery County alteration appears to pre-date the Plaintiff's mis-identification as the actual support obligor.  These documents discuss a person named Walter Bazemore, a name once used by this Plaintiff.

23.    It is alleged in these documents that the Defendant Diantonio participated in this tampering or alteration of the public records. It is further suggested that Defendant Masseli, may have participated in this process.

24.    Other individual employees of Montgomery County may have contributed to the Plaintiff's damages. Those defendants are, for the purposes of this pleading, identified as John Doe 1 through John Doe 10.

25.    On various occasions, Defendant Joseph Barbush, an employee of Dauphin County Domestic Relations Office, caused the Plaintiff to be arrested and incarcerated falsely based upon allegations that he had failed to comply with child support orders or that he was indeed the father of the subject child when in fact he was not.

25A.  The Plaintiff believes that Defendant Joseph Barbush also altered, modified, tampered with and changed the Plaintiff's personal identifying information and data in various official records to make it falsely appear that he was in fact another person and that he was in fact the father of the child for whom support was sought.

26.    Eventually, though not until May 31, 2007, the Plaintiff was exonerated of the false charges that he was the father of the child for whom

support was sought, that he was the person who had violated court orders, that he was the person who owed money to local and state authorities, and that he was the person who was subject to the compulsory orders and jurisdiction of the domestic relations courts when Dauphin County Court entered an Order ruling vacating the paternity finding against this Plaintiff and further vacating other Orders including financial obligations to pay money.

27.     The Dauphin County Court entered subsequent Orders on June 21, 2007 vacating a support Order, cancelling arrearages, and vacating various other financial obligations and disabilities which had been wrongfully imposed upon this Plaintiff because of the wrongful action of the Defendants.

28.     Until that day, the Plaintiff was subject to various state law authorized deprivations of property and liberty as the result of the Defendants' actions as described in this Complaint.

29.     On or about November 15, 2007, the Plaintiff, through counsel, filed with the Court of Common Pleas in Dauphin County a document titled "Petition in Equity to Repay Child Support Payments/Attorney's Fees and Costs". This Petition sought to have equitable relief granted to the Plaintiff in the form of the financial compensation including lost wages, court costs, attorney's fees, child

support paid and other appropriate relief.

30.     The Defendant County of Dauphin as well as the Pennsylvania (or Dauphin County) Department of Public Welfare, challenged this Petition, attempting to create the false impression that the Plaintiff was himself responsible for the damages which he suffered, and seeking to conceal the true actions of the Defendants, including Defendant Dauphin County and Montgomery County.  A copy of the Answer to the Plaintiff's Petition is attached hereto as Exhibit 1.

31.     In support of their argument against the Plaintiff, the Defendants argued *inter alia* that the Plaintiff had not properly or adequately challenged the allegation that he was the proper support obligor.

32.     Furthermore, in that Answer (specifically at paragraph 33) Defendant Dauphin County alleges that "Petitioner fails to accept responsibility for his repeated failure to address this matter in a timely fashion."  The Answer goes on to state that the "injustices" experienced by Petitioner are his own fault.

33.     Dauphin County goes on to state (in a remarkable effort to create the false impression that the Plaintiff is himself responsible for the problems which he suffered) that the Plaintiff's "long delay in challenging paternity" has prejudiced Dauphin County and the Department of Public Welfare in that "DPW is unable to

recoup the child support payed on behalf of [the child for whom support was allegedly owed]."

34. The Defendant, and the Department of Public Welfare, claimed that the Plaintiff was responsible for causing them to "suffer unfair and irreversible injury."

35. All of the Defendants' actions as described in this Complaint were intended to, designed to, and did effectively conceal the Defendants' wrongful conduct for an extended period of time, up to and including at the earliest the early months of 2009.

36. Throughout the course of these proceedings up to January 2009 at the earliest, the Defendants actively misled this Plaintiff with respect to the facts of his cause of action, *inter alia* by false promises of investigation into his claims.

37. Furthermore, the Plaintiff has been prevented from asserting his claim because of those acts of deception and misleading conduct, and for other reasons.

38. In the alternative, the Plaintiff has, on various occasions, proclaimed to courts having jurisdiction over the domestic relations prosecutions that he was not the person whom they sought, but his ability to press that point has been frustrated and impeded by the wrongful actions of the Defendants, including the

wrongful concealment of the fact that the Plaintiff's identity data had been tampered with at some point in the past.

39.     The Defendants falsely, wrongly and unlawfully identified this Plaintiff as a wanted law-breaker and support law obligor.

40.     There was absolutely no probable cause or reason to believe that this Plaintiff was the person sought for child support obligations or for violations of law.

41.     Defendants had no information, suspicion, knowledge, belief, nor other modicum of information indicating that the person wanted for child support obligations or for violations of law was this Plaintiff.

42.     All of the Defendants' actions as described in this Complaint were taken under color of state law.

43.     All of the Plaintiff's damages were the direct, legal, and proximate result of inter alia:

        A.     constitutionally inadequate training by the Defendant Counties of their employees and agents who had responsibility for domestic relations and child support cases.

        B.     the Counties' failure to train its employees to properly respond

to cases in which identity of the support obligor was an issue, and in which a defendant or potential defendant claimed not to be the person lawfully obliged to pay support.

C.   The Counties' failure to have in place adequate and sufficient policies, guidelines, practices, and safeguards to prevent tampering with documents, records, identity data, or other information .

D.   The Counties' failure to supervise their employees properly  to prevent tampering with documents, records, identity data, or other information .

E.   These failures to provide adequate training, supervision, policies, guidelines, practices, and safeguards constituted deliberate indifference to the presence of an excessive risk of danger to the health, welfare, and safety of citizens such as this Plaintiff and to this Plaintiff in particular.

44.   Plaintiff's damages are the direct, legal, proximate, and foreseeable result of the misconduct of the defendants.

45.   Pursuant to Fourteenth Amendment Due Process, the defendants are

liable for the injuries and damages suffered by the Plaintiff in that the defendants occupied a special relationship with him and because the defendants entered into a relationship with Plaintiff which created an affirmative duty to protect him, and subsequently breached that duty.

46.     Pursuant to Fourteenth Amendment Due Process, the defendants are liable for the injuries and damages suffered by the Plaintiff in that they created a danger which caused harm to Plaintiff.

47.     As the direct, legal, and proximate result of the Defendants' wrongdoing as described in this Complaint, the Plaintiff suffered great and severe emotional pain, suffering, and trauma.  Additionally, Plaintiff suffered the following injuries, and losses, *inter alia*:

   A.   He was deprived of his liberty;

   B.   He suffered great humiliation, embarrassment, mortification, and distress;

   C.   He was subjected to unlawful, illegal and unreasonable and unconstitutional use of force;

   D.   He was subjected to arrest, prosecution, detention, and confinement;

E.    He was deprived of his liberty in violation of the Constitution
      of the United States and further in violation of federal law;

F.    He was put in fear of his well-being;

G.    He suffered the loss of valuable federally protected rights;

H.    He suffered the loss of income and earning capacity.

I.    He suffered physical and emotional pain and suffering;

J.    He suffered the loss of personal and familial associations;

K.    He suffered other damages and losses;

L.    This continuing course of conduct lasted until at the earliest
      March 21, 2008 and perhaps until January 2009 with the
      delivery of the Exhibit 1 documents to Plaintiff's counsel.

## COUNT 1

### Walter Andre Sharpe v. County of Dauphin

48.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 2

### Walter Andre Sharpe v. Dauphin County Domestic Relations Office

49.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 3

### Walter Andre Sharpe v. Joseph Barbush, individually and as an employee of Dauphin County

50.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 4

### Walter Andre Sharpe v. County of Montgomery

51.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 5

*Walter Andre Sharpe v. Montgomery County Domestic Relations Service*

52.     All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 6

*Walter Andre Sharpe v. Dorothy Masseli, individually and as an employee of Montgomery County*

53.     All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 7

*Walter Andre Sharpe v. Diane Deantonia, Individually and as an employee of Montgomery County*

54.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 8

*Walter Andre Sharpe v. John Doe 1*

55.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## *COUNT 9*

### *Walter Andre Sharpe v. John Doe 2*

56.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## *COUNT 10*

### *Walter Andre Sharpe v. John Doe  3*

57.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## *COUNT 11*

### *Walter Andre Sharpe v. John Doe 4*

58.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## *COUNT 12*

### *Walter Andre Sharpe v. John Doe 5*

59.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 13

### Walter Andre Sharpe v. John Doe 6

60.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 14

### Walter Andre Sharpe v. John Doe 7

61.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## *COUNT 15*

### *Walter Andre Sharpe v. John Doe 8*

62.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## *COUNT 16*

### *Walter Andre Sharpe v. John Doe 9*

63.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 17

### Walter Andre Sharpe v. John Doe 10

64.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against this DEFENDANT for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

## COUNT 18

### Walter Andre Sharpe v. All Defendants

65.    All other paragraphs and parts of this Complaint are hereby incorporated into this Count by reference thereto.

WHEREFORE, this PLAINTIFF demands judgment against all DEFENDANT jointly and severally for: compensatory damages and punitive damages; costs of this litigation; allowable interest; reasonable attorney's fees; any other appropriate relief.

Respectfully submitted,

SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.

By: _____

SPERO T. LAPPAS, ESQUIRE
PA. SUPREME CT. ID NO. 25745
2080 LINGLESTOWN ROAD, SUITE 201
HARRISBURG, PA 17110-9670
(717) 540-9170
ATTORNEYS FOR THE PLAINTIFFS

Sharpe v. Dauphin County, et al.
Spero T Lappas, Esquire
Complaint
Page 24