# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER ANDRE SHARPE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:09-0989** |
| v. | : | |
| **COUNTY OF DAUPHIN, et al.,** | : | **(JONES, D.J.)** <br> **(MANNION, M.J.)** |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is a motion to dismiss the plaintiff's first amended complaint filed on behalf of the defendants County of Dauphin and Joseph Barbush, individually and as an employee of Dauphin County, ("Dauphin County defendants"), (Doc. No. 28), and a motion to dismiss the plaintiff's first amended complaint filed on behalf of defendants Montgomery County, Diane Smith (incorrectly identified as Diane Deantonia) and Dorothy Masseli, ("Montgomery County defendants"), (Doc. No. 31). Based upon a review of the plaintiff's first amended complaint, as well as the motions to dismiss and related materials, it is recommended that the defendants' motions to dismiss be granted in part and denied in part as more fully discussed herein.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. PROCEDURAL BACKGROUND

By way of relevant procedural background, on May 7, 2009, the plaintiff filed the instant action pursuant to 42 U.S.C. §1983. (Doc. No. 1). By order dated September 28, 2009, the plaintiff was permitted to file an amended complaint. (Doc. No. 23). The plaintiff filed his first amended complaint on October 19, 2009. (Doc. No. 26).

On November 18, 2009, a motion to dismiss the plaintiff's first amended complaint was filed on behalf of the Dauphin County defendants, (Doc. No. 28), along with a supporting brief, (Doc. No. 30).

On November 19, 2009, a motion to dismiss the plaintiff's first amended complaint was filed on behalf of the Montgomery County defendants, (Doc. No. 31), along with a supporting brief, (Doc. No. 32).

On January 4, 2010, the plaintiff filed a consolidated brief in opposition to the defendants' motions to dismiss. (Doc. No. 36).

The Montgomery County defendants filed a reply brief on January 8, 2010. (Doc. No. 37).

## II. LEGAL STANDARD

The defendants' motions to dismiss are brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no

2

claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d

1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III. DISCUSSION

In his complaint, the plaintiff alleges that he was a defendant in domestic relations and child support proceedings. (Doc. No. 26, ¶11). In those proceedings, the plaintiff alleges that he was compliant with his obligations pursuant to orders of court and, to the extent that he was not, he had a "lawful excuse, reason, or defense for his non-compliance." (Id. at ¶12).

In 2001, the plaintiff alleges that he became the defendant in other

domestic relations proceedings in Dauphin County. (Id. at ¶17). The plaintiff alleges, however, that he was not, and never was, the proper defendant in those proceedings, and that he was not the father of the child for whom domestic relations child support was owed or collected in those proceedings. (Id. at ¶18). Despite this, the plaintiff alleges that the Dauphin County Domestic Relations office and its employees caused him to be prosecuted for the false child support allegation. (Id. at ¶19).

The plaintiff alleges that some or all of the defendants "changed, altered, modified and tampered with the official records of Dauphin County and the official records of Montgomery County, . . . to create the false appearance that [he] was the defendant or obligor with respect to a different and separate domestic relation complaint – a complaint dealing with a child that was not the child of the Plaintiff and for which this Plaintiff had no liability or responsibility, and with which he was in no way factually connected." (Id. at ¶13).

Specifically, the plaintiff alleges that the defendants ". . . altered and falsified such records so as to create the false and unlawful appearance that [the] Plaintiff was a delinquent support obligor, knowing that such a false appearance could and would expose the Plaintiff to numerous legal problems including prosecution, citation for contempt of court, incarceration and other losses of liberty and other constitutionally guaranteed rights." (Id.). The plaintiff alleges that the actions of the defendants, in fact, ". . . caused the

5

false and wrongly appearance that the Plaintiff was not compliant with support orders against him and that he was guilty of civil and criminal violations including *inter alia* indirect and criminal contempt of court." (Id. at ¶14). According to the plaintiff's allegations, the actions of the defendants caused him to be repeatedly arrested, wrongfully prosecuted for criminal and unlawful acts, incarcerated, imprisoned, fined, and subject to other legal, financial and personal consequences. (Id. at ¶15). The plaintiff alleges that the actions of the defendants were intentional and malicious. (Id. at ¶21).

When he attempted to prove that he was not the proper defendant by requesting DNA analysis or other suitable investigations to be performed, the plaintiff alleges that the county and individual defendants frustrated and impeded his right and ability to have a proper examination and investigation conducted. (Id. at ¶20). Moreover, he alleges that the defendants actively misled him with respect to the facts of his cause of action by providing him false promises of investigation into his claims. (Id. at ¶38).

Eventually, on or about May 31, 2007, the plaintiff alleges that he was exonerated of the false charges that he was the father of the child for whom support was sought, that he was the person who had violated court orders, that he was the person who owed money to local and state authorities, and that he was the person who was subject to the compulsory orders and jurisdiction of the domestic relations courts when the Dauphin County Court entered an order vacating the paternity finding against the plaintiff and further

vacating other orders including financial obligations to pay money. (Id. at ¶28). On June 21, 2007, the plaintiff alleges that the Dauphin County Court entered subsequent orders vacating a support order, cancelling arrearages, and vacating various other financial obligations and disabilities. (Id. at ¶29).

On or about November 15, 2007, the plaintiff alleges that he filed a Petition in Equity to Repay Child Support Payments/Attorney's Fees and Costs in the Dauphin County Court of Common Pleas, which sought to have equitable relief granted to the plaintiff in the form of financial compensation including lost wages, court costs, attorney's fees, child support paid and other appropriate relief. (Id. at ¶ 31). According to the plaintiff, Dauphin County and the Department of Public Welfare challenged this petition claiming that it was the plaintiff who was responsible for the damages which he suffered because he had not properly or adequately challenged the allegation that he was the proper support obligor. (Id. at ¶¶32-33).

In early 2009, the plaintiff alleges that he obtained information from agents of Dauphin County which indicates that, at some point in the past, the plaintiff's personal identifying information was altered, modified, tampered with and changed in various official records to make it falsely appear that he was, in fact, another person and that he was, in fact, the father of a child for whom support was sought. (Id. at ¶22). According to the plaintiff, the alteration of the documentation apparently pre-dated the mis-identification of the plaintiff as the actual support obligor. (Id. at ¶23). The plaintiff alleges that the

7

documents refer to an individual named Walter Bazemore, a name, in fact, which the plaintiff had previously used. (Id.).

According to the plaintiff's first amended complaint, the defendants' actions violated his right to enjoy procedural and substantive due process. (Id. at ¶¶45-46).

The plaintiff alleges that his damages were the result of: constitutionally inadequate training by the defendant counties of their employees and agents who had responsibility for domestic relations and child support cases; the counties' failure to train their employees to properly respond to cases in which identity of the support obligor was an issue, and in which a defendant or potential defendant claimed not to be the person lawfully obliged to pay support; the counties' failure to have in place adequate and sufficient policies, guidelines, practices, and safeguards to prevent tampering with documents, records, identity data, or other information; and the counties' failure to supervise their employees properly to prevent tampering with documents, records, identity data, or other information. (Id. at ¶ 47). The plaintiff alleges that these failures to provide adequate training, supervision, policies, guidelines, practices, and safeguards constituted deliberate indifference to the presence of an excessive risk of danger to the health, welfare, and safety of citizens such as the plaintiff. (Id.). In addition, he alleges that the counties' failures are reflective of county policies of unconstitutional derelictions which, independently and taken together with the other unconstitutional acts, caused

the plaintiff's injuries. (Id.).

Based upon the above allegations, the plaintiff is seeking judgment against all of the defendants jointly and severally for compensatory and punitive damages, costs of litigation, interest, attorney's fees, and any other just relief. (Id. at ¶67).

### A. Dauphin County Defendants' Motion to Dismiss

In their motion to dismiss the plaintiff's first amended complaint, the Dauphin County defendants initially argue that the plaintiff has failed to properly set forth a Monell claim against Dauphin County. (Doc. No. 29, pp. 5-7). Specifically, the Dauphin County defendants argue that the plaintiff has failed to identify any particular policy which resulted in a violation of the plaintiff's constitutional rights. Moreover, the Dauphin County defendants argue that there are no allegations of any action from a policy maker nor specific conduct of the Dauphin County defendants rising to the level of a constitutional violation. The defendants argue that the plaintiff's simple recitation of the elements of a Monell claim with nothing more is insufficient to properly state a claim against Dauphin County.

In order for a municipality or other government entity to be liable under §1983, a plaintiff must establish: (1) a deprivation of a constitutionally protected right; (2) resulting from a policy, practice, or custom. Monell v. Dep't of Soc. Servs. Of the City of New York, 436 U.S. 658, 691-94 (1978). "[T]o

establish liability on a failure to train claim under §1983, plaintiffs 'must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred.'" Gilles v. Davis, 427 F.3d 197, 207 n.7 (3d Cir. 2005)(quoting Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)). To establish deliberate indifference, the plaintiff must demonstrate: (1) that a municipal policymaker had contemporaneous knowledge of the offender occurrence or knowledge of a prior pattern of similar violations of constitutional rights; and (2) a failure to take adequate measures to ensure the particular right in question or otherwise communicated a message of approval to the offending subordinate. Garcia v. County of Bucks, Pa., 155 F.Supp.2d 259, 268 (E.D.Pa. 2001)(citing Montgomery v. DeSimone, 159 F.3d 120, 127 (3d Cir. 1998)).

Citing to paragraph 47 of the first amended complaint, the plaintiff in the instant action argues that he has alleged that "'all of the Plaintiff's damages were the direct, legal, and proximate result of' inadequate training, failure to train, failure to have adequate policies, guidelines, practices, and safe guards, failure to supervise, and deliberate indifference to the presence of an excessive risk' all of which 'reflect [county policies of unconstitutional derelictions which . . . caused the Plaintiff's injuries.'" (Doc. No. 36, p. 9). The plaintiff argues that this is adequate pleading to establish a claim for municipal

10

liability.

This court, however, has held that similar conclusory pleadings were insufficient to survive a motion to dismiss. See Bittner v. Snyder County, 2009 WL 179766 (Jan. 26, 2009, M.D.Pa.)(Jones, J.)(claim that county maintained a policy, custom, or practice of engaging in acts that deprived her of her federal rights without further details as to the alleged policies, customs, or practices was insufficient to state a Monell claim). See also Heilman v. T.W. Ponessa & Assocs., 2008 WL 275731, *14 (Jan. 30, 2008, M.D.Pa.)(Jones, J.)(merely alleging that a municipality has 'engaged in a policy, custom, and practice' that violated plaintiff's federal rights is precisely the formulaic recitation of legal elements that the Supreme Court determined was insufficient in defeating a motion to dismiss). This court has further found that "[w]hile [a] Plaintiff need not plead detailed facts regarding the alleged policy, custom, or practice, [he] must, in the very least, plead facts that: (I) put Defendants on notice with regard to the basis for the alleged policy, custom, or practice, and (II) "show" that [he] is entitled to relief as a result of that policy, custom, or practice." Bittner v. Snyder County, at *8 (citing Twombly, 127 S.Ct. at 1964).

Given the court's previous rulings, the plaintiff's conclusory statements in his first amended complaint are insufficient to state a Monell claim against Dauphin County. Therefore, the Dauphin County defendants' motion to dismiss the plaintiff's first amended complaint should be granted to this

extent.

The Dauphin County defendants also argue that the plaintiff has failed to properly set forth a procedural due process claim. (Doc. No. 29, pp. 8-9).

The Third Circuit has found that a plaintiff needs to allege and prove five factors in relation to a §1983 procedural due process claim: (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process. Reisinger v. Luzerne County, --- F.Supp.2d ----, 2010 WL 1976821 (Feb. 10, 2010, M.D.Pa.)(Conaboy, J.)(citing Sample v. Diecks, 885 F.2d 1099, 1113-14 (3d Cir.1989)).

With respect to the instant action, the plaintiff has alleged that he was deprived of a protected liberty interest in that he was wrongfully prosecuted and incarcerated. Moreover, he has alleged that this deprivation occurred without due process and that the deprivation occurred as a result of official misconduct in the form of tampering with records, production of false evidence, presentation of false evidence to the courts, and intentional efforts by the defendants to present a case which they knew was false. The plaintiff has further alleged that the defendants, including defendant Barbush, subjected him to the deprivation of due process in that they intentionally

12

fabricated false evidence against him and tampered with public records to create a false impression that the plaintiff was another person from whom support obligations were owed. The plaintiff has alleged that the defendants were acting under color of law at the time of the deprivation. Finally, he has alleged that he suffered injuries as a result of the due process deprivation. Taking these allegations as true, as the court must do on a motion to dismiss, the plaintiff's first amended complaint sufficiently states a procedural due process claim. As such, the Dauphin County defendants' motion to dismiss the plaintiff's first amended complaint on the procedural due process claim should be denied.

The Dauphin County defendants also argue that the plaintiff has failed to properly set forth a substantive due process claim.

To state a cause of action for violation of substantive due process, a plaintiff must show violation of a "fundamental" protected right, Nicholas v. Pennsylvania State University, 227 F.3d 133, 140 (3d Cir. 2000), through action that "shocks the conscience." United Artists Theatre Cir., Inc. v. Twp. of Warrington, 316 F.3d 392, 401 (3d Cir.2003).

As discussed above, the plaintiff has alleged a violation of a fundamental right, in that he claims that he was unlawfully prosecuted by the defendants, which led to his incarceration. Moreover, accepting the plaintiff's allegations as true, the plaintiff has alleged a deprivation by the defendants which would shock the conscience. To this extent, the plaintiff alleges that the

13

defendants intentionally presented false evidence against him and falsified public records to create the impression that he was another individual knowing that these actions would lead to the prosecution and incarceration of the plaintiff. Therefore, the Dauphin County defendants' motion to dismiss the plaintiff's first amended complaint on the substantive due process claim should be denied as well.

Further, the Dauphin County defendants argue that defendant Barbush is entitled to qualified immunity. However, the Dauphin County defendants have failed to brief this issue and, as a result, their motion to dismiss the plaintiff's first amended complaint on the basis of qualified immunity should be denied.

Finally, the Dauphin County defendants argue that the plaintiff's claim for punitive damages must be dismissed with prejudice. The plaintiff concedes that his claim for punitive damages must be dismissed with respect to Dauphin County, but argues that it should be allowed to proceed with respect to defendant Barbush. To the extent that the plaintiff's claim is brought against defendant Barbush in his individual capacity, the court agrees. Punitive damages are available against individual defendants in §1983 actions where they have acted with "reckless or callous disregard of, or indifference to, the rights and safety of others." Keenan v. City of Philadelphia, 983 F.2d 459, 469-70 (3d Cir. 1992)(citing Bennis v. Gable, 823 F.2d 723, 734 (3d Cir.1987)). Therefore, the Dauphin County defendants' motion to dismiss the

plaintiff's punitive damage claim against the county should be granted, while their motion to dismiss the punitive damage claim against the defendant Barbush should be denied at this time.

**B.	Montgomery County Defendants' Motion to Dismiss**

Initially, the Montgomery County defendants argue in their motion to dismiss that the plaintiff's first amended complaint should be dismiss with respect to Montgomery County for the plaintiff's failure to properly allege a <u>Monell</u> claim. For the reasons set forth above concerning Dauphin County, the court agrees. Therefore, the Montgomery County defendants' motion to dismiss the plaintiff's first amended complaint should be granted with respect to Montgomery County.

The Montgomery County defendants further argue that the plaintiff has failed to adequately set forth a procedural due process claim. Here, the Montgomery County defendants argue that the Pennsylvania Rules of Civil Procedure applicable to support actions provide adequate pre-deprivation notice and an opportunity to be heard. The defendants argue in the employment context that where such procedures are in place and are followed, a plaintiff has received the due process to which he is entitled.

Here, however, the plaintiff alleges that his due process rights were violated with respect to the support claims against him. The defendants have provided nothing to establish that the support procedures were followed in the

15

plaintiff's case. Accepting the allegations of the plaintiff as true, as the court must do on a motion to dismiss, the Montgomery County defendants' motion to dismiss the plaintiff's procedural due process claim should be denied.

The Montgomery County defendants also argue that the plaintiff has failed to state a substantive due process claim in that the allegations against them do not amount to conscience-shocking behavior. For the reasons set forth above, the Montgomery County defendants' motion to dismiss the plaintiff's first amended complaint should be denied with respect to the plaintiff's substantive due process claim as well.

Finally, the Montgomery County defendants seek to have any claims for punitive damages dismissed with respect to Montgomery County. The plaintiff concedes that punitive damages are not available against Montgomery County. (Doc. No. 36, p. 15).

## IV. CONCLUSION

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the Dauphin County defendants' motion to dismiss the plaintiff's first amended complaint be **GRANTED** with respect to the claims against Dauphin County, including the punitive damage claim against Dauphin County;

**(2)** the Dauphin County defendants' motion to dismiss the plaintiff's first amended complaint be **DENIED** with respect

to the plaintiff's procedural due process claim, and the substantive due process claim;

**(3)** the Dauphin County defendants' motion to dismiss the plaintiff's first amended complaint be **DENIED** with respect to defendant Barbush's claim of qualified immunity, and with respect to the claim for punitive damages against defendant Barbush;

**(4)** the Montgomery County defendants' motion to dismiss the plaintiff's first amended complaint be **GRANTED** with respect to the plaintiff's claims against Montgomery County including the punitive damage claim against Montgomery County;

**(5)** the Montgomery County defendants' motion to dismiss the plaintiff's first amended complaint be **DENIED** with respect to the plaintiff's procedural due process claim, and substantive due process claim.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 10, 2010

O:\shared\REPORTS\2009 Reports\09-0989-01.wpd

17