IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER ANDRE SHARPE, : | |
| : | 4:09-cv-989 |
| Plaintiff, : | |
| : | Hon. John E. Jones III |
| v. : | |
| : | Hon. Malachy E. Mannion |
| COUNTY OF DAUPHIN, : | |
| JOSEPH BARBUSH, : | |
| COUNTY OF MONTGOMERY, : | |
| DIANE DEANTONIA,[1] : | |
| DOROTHY MASSELI, and : | |
| JOHN DOES 1-10, : | |
| : | |
| Defendants. : | |

**<u>MEMORANDUM AND ORDER</u>**

**September 7, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc.40), filed on August 10, 2010 which recommends that we grant in part and deny in part the Motions to Dismiss the Amended Complaint of the County of Dauphin and Joseph Barbush (collectively the "Dauphin County Defendants") (Doc. 28) and the County of

---

[1] Within the Objections to the R&R, Defendants inform the Court that Diane Smith is misidentified in the Amended Complaint as Diane Deantonia.

Montgomery, Diane Smith and Dorothy Masseli (collectively the "Montgomery County Defendants") (Doc. 31), filed on November 18 and 19, 2009 respectively.

Magistrate Judge Mannion makes the following specific recommendations with respect to the Motions:

1. That the Dauphin County Defendants' Motion be granted with respect to the claims against Dauphin County, including the punitive damages claim;

2. That the Dauphin County Defendants' Motion be denied with respect to Plaintiff's procedural and substantive due process claims and punitive damages claim against Defendant Barbush;

3. That the Dauphin County Defendants' Motion be denied with respect to Defendant Barbush's qualified immunity defense;

4. That the Montgomery County Defendants' Motion be granted with respect to the claims against Montgomery County, including the punitive damages claim; and

5. That the Montgomery County Defendants' Motion be denied with respect to Plaintiff's procedural and substantive due process claims and punitive damages claim against Defendants Smith and Masseli.

On August 23, 2010, the Montgomery County Defendants filed objections to the R&R. (Docs. 41-42). On August 27, 2010, the Plaintiff filed objections to the R&R. (Docs. 43-44). The Dauphin County Defendants did not file objections to the R&R, and the deadline for doing so has passed. Accordingly, this matter is ripe for our review.

For the reasons that follow, we shall adopt in part and reject in part the Magistrate Judge's R&R.

## I. STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's Report

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B.     F.R.C.P. 12(b)(6) Motion to Dismiss Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint

attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S.Ct. At 1949.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950.  Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.*  Taking

these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief.  *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  *Id.* at 234.

## II.     FACTS

Plaintiff Walter Andre Sharpe ("Plaintiff" or "Sharpe") brings this action alleging violations of his due process rights protected under the Fourteenth Amendment to the United States Constitution and enforced pursuant to 42 U.S.C. § 1983.[2]  Plaintiff alleges that Dauphin County, Montgomery County, and employees of both counties violated his civil rights in conjunction with a child support proceeding in the Dauphin County Court.  Plaintiff alleges that Defendant Smith tampered and/or altered public records so as to "merge" his name with the name of the true father in the Dauphin County proceeding, and that Defendant Masselli "may have" participated in the alteration of the documents.  (A.C. ¶ 24).   Plaintiff

---

[2] The Amended Complaint, which is the subject of Defendants' Motions to Dismiss, was filed on October 19, 2009.

further alleges that Defendant Barbush maliciously and intentionally falsified records to create the false impression that Plaintiff was a delinquent child support obligor when, in fact, Plaintiff was not the father of the child at issue in the Dauphin County support proceeding.  (A.C. ¶ 21).

The alleged tampering by Smith and, perhaps, Masseli is alleged to have occurred in 1999.  Plaintiff does not specify how documents altered by Smith and Masseli, Montgomery County employees, impacted him in Dauphin County, nonetheless, Plaintiff alleges that improper support orders were entered against him in subsequent child support proceeding in 2001 that occurred in Dauphin County. Plaintiff's failure to comply with these improper orders led to various troubles for him, including being held in contempt of court, arrested and incarcerated. Ultimately, in 2007, Plaintiff was exonerated by a Dauphin County Court ruling vacating the paternity finding and all orders by that Court, including financial obligations to pay support, were vacated.

## III. DISCUSSION

### A. Claims against Dauphin and Montgomery Counties

Magistrate Judge Mannion recommends that the Plaintiff's claims against Dauphin and Montgomery Counties, including claims for punitive damages,[3] be dismissed. Magistrate Judge Mannion concludes that Plaintiff's pleading does not set forth sufficient factual detail to support a failure to train claim pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978) against either County.[4] Plaintiff objects to the Magistrate Judge's recommendation arguing that his "claim [*sic*] against Dauphin and Montgomery County are laid out in specific detail." (Doc. 44, p. 8).

The following are Plaintiff's allegations against the County Defendants with respect to the *Monell* claim:

"All of Plaintiff's damages were the direct, legal, and proximate result of, *inter alia*:

a. Constitutionally inadequate training by the Defendant Counties of their employees and agents who had responsibility for domestic relations and child support cases.

---

[3] Plaintiff has conceded that the punitive damages claim against Dauphin and Montgomery Counties must be dismissed.

[4] In order for a municipality to be held liable under § 1983, a plaintiff must establish (1) a deprivation of a constitutionally protected right (2) resulting from a policy, practice or custom.

    b.      The Counties' failure to train its employees to properly respond to cases in which identity of the support obligor was an issue, and in which a defendant or potential defendant claimed not to be the person lawfully obligated to pay support.

    c.      The Counties' failure to have in place adequate and sufficient policies, guidelines, practices, and safeguards to prevent tampering with documents, records, identity data or other information.

    d.      The Counties' failure to supervise their employees properly to prevent tampering with documents, records, identity data, or other information.

    e.      These failures to provide adequate training, supervision, policies, guidelines, practices, and safeguards constituted deliberate indifference to the excessive risk of danger to the health, welfare, and safety of citizens such as this Plaintiff and to this Plaintiff in particular.

    f.      Further, these failures are reflective of county policies of unconstitutional derelictions which, independently and taken together with the other unconstitutional acts averred in this First Amended Complaint, caused the Plaintiff's injuries.

(A.C. ¶ 47).

We do not agree with the Magistrate Judge's conclusion that Plaintiff's failure to train allegations against the Counties do not pass muster under *Twombly*'s pleading standard. This Court has previously dismissed *Monell* claims holding that "while [a] Plaintiff need not plead detailed facts regarding the alleged policy, custom, or practice, [he] must, in the very least, plead facts that: (I) put Defendants on notice with regards to the basis for the alleged policy, custom, or

practice, and (II) "show " that he is entitled to relief as a result of that policy, custom, or practice." *Bittner v. Snyder County*, 2009 WL 1799766, *8 (M.D.Pa. Jan. 26, 2009)(citing *Twombly*, 127 S. Ct. at 1964). In contrast, here we find that Plaintiff's pleading is detailed enough to survive a Rule 12(b)(6) motion.[5] Accordingly, we shall reject Magistrate Judge Mannion's recommendation in this regard.

### B.     Claims Against Defendants Smith and Masseli

Magistrate Judge Mannion recommends that the Court deny the Montgomery County Defendants' Motion with respect to the procedural and substantive due process claims against Defendants Smith and Masseli. Defendants Smith and Masseli object to this recommendation. Based upon our *de novo* review of the Amended Complaint, in view of the F.R.C.P. 12(b)(6) standard, we find that the Plaintiff has failed to state substantive and procedural due process claims against these Defendants for the reasons that follow, and thus shall reject the Magistrate Judge's recommendation on this point.

To state a § 1983 claim based upon an alleged violation of procedural due process rights secured by the Fourteenth Amendment, a plaintiff must show:

---

[5] We express no opinion regarding whether Plaintiff's *Monell* claims will survive a Motion for Summary Judgment after a factual record is developed, however, at this juncture, we are only tasked to analyze Plaintiff's pleading under the Rule 12(b)(6) standard. Through the prism of that standard, these claims survive.

   1)  that he was deprived of a protected liberty or property interest;

   2)  that the deprivation was without due process;

   3)  that the defendants subjected plaintiff or caused plaintiff to be subjected to this deprivation without due process;

   4)  defendants were acting under color of state law; and

   5)  plaintiff suffered injuries as a result.

*Schwartz v. County of Montgomery*, 843 F.2d 963, 969-73 (E.D. Pa. 1994). Morever, a "due process violation 'is not complete when the deprivation occurs; it is not complete unless the state fails to provide due process.' If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the Federal Courts as means to get back what he wants." *Alvin v. Suzuki*, 227 F. 3d 107, 116 (3d Cir. 2000)(quoting *Zinernon v. Burch*, 494 U.S. 113, 126 (1990)). Further, absent the right to control the process, a defendant cannot be held liable, as a matter of law, for a deprivation of said right. *See Seeney v. Kavitski*, 1995 U.S. Dist. LEXIS 6869, *19 (E.D. Pa. 1995).

  Based on these guiding legal principles, including but most notably the area of control of the process, Plaintiff's claims against Smith and Masseli necessarily fail. Neither Smith nor Masseli, both *Montgomery* County employees, were involved in the alleged deprivation of Plaintiff's rights, and resulting harm, all of

which arose in the *Dauphin* County courts.  Plaintiff makes no allegation that Defendants Smith or Masseli participated in the deprivation and harm that occurred in Dauphin County.   Nor could Smith or Masseli, Montgomery County employees, control the process available to Plaintiff in Dauphin County.   Simply put, Plaintiff has not pled a causal nexus between Defendants Smith and Masseli's alleged conduct and the deprivation of his rights, thus, his claim cannot proceed against them.

Moreover, Plaintiff's factual allegations against Defendant Masseli are tenuous at best.  In the Amended Complaint, Plaintiff "suggests" that Defendant Masseli "may have" had a part in the document tampering.  As noted above, liability under § 1983 can only be premised on actual involvement in the wrong. Under *Twombly's* particularized pleading standard, Plaintiff's unspecific and highly qualified factual allegation against Defendant Maselli does not give rise to a claim under § 1983.

Further, to establish a substantive due process violation in courts of this Circuit, a plaintiff must allege a violation of a "fundamental" protected right through conduct that "shocks the conscience." *Nicholas v. Pennsylvania State Univ.,* 227 F. 3d 133, 140 (3d Cir. 2000); *United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F. 3d 392, 401 (3d Cir. 2003).  It is the Court's view that the

allegation made by Plaintiff against Defendants Smith and Masseli, that they tampered and altered public records, without more, does not rise to the level of conscience-shocking.[6]

Accordingly, based on all of the foregoing, we shall reject the Magistrate Judge's recommendation on these points, and dismiss the Plaintiff's claims against Defendants Smith and Masseli.

### C. Claims Against Defendant Barbush

Magistrate Judge Mannion recommends that Plaintiff's procedural and substantive due process claims against Defendant Barbush be permitted to proceed. As noted above, Defendant Barbush has not interposed objections to the R&R. Because we agree with the sound reasoning that led the Magistrate Judge to his recommendation with respect to the claims against Defendant Barbush, we shall adopt this recommendation. As previously discussed, the factual allegations against Defendant Barbush are far more specific and direct than those against Defendants Smith and Masseli, and thus state a claim against Defendant Barbush.

---

[6] In contrast, with respect to Dauphin County Defendant Barbush, Plaintiff alleges that he maliciously and intentionally falsified records to create the false impression that Plaintiff was a delinquent support obligor and that he caused Plaintiff to be arrested.

## IV. CONCLUSION

Based on the foregoing, we shall issue an Order adopting in part and rejecting in part the R&R.  This matter will be remanded to Magistrate Judge Blewitt for further pre-trial management.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The R&R of Magistrate Judge Mannion (Doc. 40) is **ADOPTED IN PART** and **REJECTED IN PART** to the following extent:

    a. The Dauphin County Defendants' Motion to Dismiss (Doc. 28) is **DENIED** in all respects, with the exception of the punitive damages claim against Defendant Dauphin County.

    b. The Montgomery County Defendants' Motion to Dismiss (Doc. 31) is **GRANTED** with respect to the claims against Defendants Smith and Masseli and the punitive damages claim against Defendant Montgomery County.  The Motion is **DENIED** in all other respects.

2. The Clerk shall terminate Defendants Smith (identified in the caption as Diane Deantonia) and Masseli as parties to this action.

3. This matter is remanded and referred to Magistrate Judge Mannion for all further pre-trial management.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge